The appellant, a licensed pharmacist, in filling a physician’s prescription calling for the delivery of twenty-one grains of the drug, sulphathiazole, in powder form, misread the written prescription and delivered 147 grains in tablet form; and the purchaser.consented to grind the tablets into powder. As a result of the appellant’s errors the patient for whom the drug was intended, an eight-month-old infant, was given doses containing twenty-one grains of the drug whereas the prescription called for doses of three grains. After the ingestion of six doses the baby died. The indictment in two counts charges (1) manslaughter in the second degree and (2) violation of section 1742 of the Penal Law, delivering a larger quantity of drugs than was prescribed. After trial in the County Court, Queens County, the jury found a verdict of guilty of the charges contained in both counts; and sentence of one to two yeárs was imposed. Judgment, insofar as it holds the defendant guilty under the manslaughter count and imposes sentence, reversed on the law, the verdict in that respect set aside, and the first count of the indictment dismissed. The facts are affirmed. Judgment, insofar as it holds the defendant guilty under the second count of the indictment, unanimously affirmed, and the case is remitted to the trial court to consider the matter of sentence. The record establishes that the appellant made a mistake in reading the prescription, but fails to include evidence of culpable negligence within the contemplation of the manslaughter statute. The trial court should have directed the jury to find a verdict of not guilty of the charge set forth in the first count of the indictment. There *801 is ample evidence in the record to sustain the verdict on the second count in the indictment. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.